UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| H&M HENNES & MAURITZ GBC AB, and H&M HENNES & MAURITZ L.P., <br><br> Plaintiffs, <br><br> v. <br><br> JASON WILLIAMS a/k/a REVOK, <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** |

Plaintiffs H&M Hennes & Mauritz GBC AB and H&M Hennes & Mauritz L.P. (collectively, "H&M" or "Plaintiffs"), by and through their attorneys, for their complaint against Jason Williams a/k/a Revok, ("Revok" or "Defendant"), allege as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgement that Defendant does not own or possess any copyright rights in certain graffiti that was painted on New York City property without the permission of the City of New York. Plaintiffs also seek a declaration that their use of the graffiti as background in connection with a limited online advertising campaign does not constitute unfair competition or negligence.

2. This action arises out of Defendant's demands under threat of litigation that H&M cease and desist from using images which contain graffiti painted by Defendant in advertising on H&M's website and social media sites and to compensate Defendant for such use.

///

1

## PARTIES

3. H&M Hennes & Mauritz GBC AB is a Swedish limited liability company having its principal place of business at Mäster Samuelsgatan 46A, 106 38 Stockholm, Sweden.

4. H&M Hennes & Mauritz L.P. is a limited partnership organized under the laws of the State of New York, having its principal place of business at 110 Fifth Avenue, 11th Floor New York, NY 10011.

5. Upon information and belief, Jason Williams is an individual residing in the state of California who uses the pseudonym Revok.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Copyright Act, 17 U.S.C. §101 et. seq.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant established minimum contacts with this forum and further, Defendant committed tortious acts within the state that give rise to Plaintiffs' causes of action herein, and further, upon information and belief, Defendant regularly conducts business in New York by exhibiting and selling artwork.  By virtue of these actions, Defendant has purposefully availed himself of the privilege of conducting business in this State and in this judicial District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and because the Defendant is subject to personal jurisdiction in this District.

9. An actual case or controversy exists between the parties. Jason Williams, through his attorneys, has repeatedly threatened to take legal action against H&M, has asserted that H&M is engaging in acts of copyright infringement, negligence and unfair competition, and has demanded that H&M cease and desist from using images that contain Defendant's graffiti.

## GENERAL ALLEGATIONS

10. Plaintiff H&M Hennes & Mauritz GBC AB designs and sells fashion clothing, accessories and other products for men, women, and children. Plaintiff H&M Hennes & Mauritz L.P. sells H&M products in H&M stores, and on H&M's e-commerce store, in the United States.

11. Upon information and belief, Defendant Jason Williams, a/k/a Revok, is a graffiti artist.

12. H&M frequently utilizes outdoor public spaces to photograph models for promotional campaigns. In October 2017, a production company hired by H&M conducted a photo shoot of a model wearing H&M attire in front of a handball court at the William Sheridan Playground in the Williamsburg section of Brooklyn. The handball court wall contained graffiti (hereinafter referred to as "the Graffiti"). A true and correct image of the handball court as it appeared during the H&M photo shoot is attached hereto as Exhibit A.

13. On October 31, 2017, a member of the production company sent an email to the New York City Department of Parks and Recreation ("DPR") to inquire whether it needs to pay royalties for use of the graffiti images as part of the H&M shoot.

14. On October 31, 2017, a member of DPR responded to the inquiry and stated, "The graffiti should NOT have been on the hand ball wall. Whom ever placed this on the wall caused me to fail this feature when inspected last week. I am unaware who did this." (Emphasis in

3

original).  A true and correct copy of the email exchange between H&M's production company and DPR is attached hereto as Exhibit B.

15. H&M used a video shot by the production company in connection with a promotional campaign for a line of men's sportswear called "New Routine".  A series of still images taken from the "New Routine" video is attached hereto as Exhibit C.

16. H&M used the New Routine promotional video on its U.S. website www.hm.com and on its social media sites on Facebook, Instagram, Twitter and Youtube.

17. By letter dated January 8, 2018, counsel for Defendant wrote to Plaintiffs and stated that H&M "included Mr. Williams' original artwork in an advertising campaign for H&M products without his permission or knowledge."  Counsel further stated that his client believes the H&M New Routine promotional video constitutes "copyright infringement, negligence and unfair competition."  A true and correct copy of Defendant's counsel's letter is attached hereto as Exhibit D.

18. In the January 8, 2018 letter, counsel for Defendants demanded, *inter alia*, that H&M "must immediately cease" use of the H&M New Routine advertising campaign containing images of the Graffiti painted by Mr. Williams.  Counsel further stated that its client takes the matter very seriously and threatened "resort to legal proceedings" in the event there is no amicable settlement.

19. On January 18, 2018 counsel for H&M contacted DPR to inquire about the matter and was advised that the Graffiti was not sanctioned by DPR and is a vandalization of DPR property.  DPR further advised that it had to paint the handball court to cover the Graffiti.

20. By letter dated January 26, 2018 counsel for Plaintiffs responded to the January 8, 2018 letter on behalf of H&M and explained the circumstances of the photo shoot, including that

the Graffiti painted by Mr. Williams on the handball court was unauthorized and constituted vandalism. H&M's counsel denied Defendant's claims and further explained H&M's view that Mr. Williams has no copyright rights to assert because his Graffiti was created through criminal conduct. Counsel also explained H&M's position that federal copyright protection is a privilege that does not extend to illegally created works. A true and correct copy of H&M counsel's January 26, 2018 letter is attached hereto as Exhibit E.

21. After H&M counsel's January 26 letter was sent, Defendant continued to threaten litigation. On January 31, 2018 counsel for Defendant stated in a telephone conversation with Plaintiffs' counsel that Jason Williams intended to sue H&M for copyright infringement if the parties did not settle the controversy.

22. In a March 1, 2018 telephone discussion with H&M counsel, Defendant's counsel reiterated his client's intention to commence litigation if his client's settlement demands were not met.

23. Defendant's repeated allegations that H&M has engaged in acts of copyright infringement and other unlawful conduct related to its New Routine advertising campaign have created a reasonable apprehension of litigation, and accordingly, there exists an actual case or controversy.

24. Defendant's demands and threats have placed a cloud over H&M's rights to use in the future its New Routine advertising campaign.

25. By virtue of Defendant's commission of illegal acts in connection with the Graffiti, including criminal trespass and vandalism to New York City property, he does not own or hold any valid or enforceable copyright rights in the Graffiti.

5

26. In view of Defendants' threats and allegations, H&M is in need of, and is entitled to, a judicial declaration that: (a) Defendant does not own or hold any copyright rights in the graffiti; (b) the use of the Graffiti as background in the H&M New Routine advertising campaign does not constitute unfair competition or any other tort; and (c) to the extent Defendant does possess any intellectual property right in the Graffiti, any claims based thereon are barred by the equitable defense of unclean hands.

## FIRST CAUSE OF ACTION

**(Declaratory Judgement of No Valid or Enforceable Copyright Rights
and No Copyright Infringement)**

27. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 to 26 of this Complaint as if fully set forth herein.

28. Defendant claims that H&M's use of images containing the Graffiti in the background on its New Routine promotional video constitutes copyright infringement, and, under a threat of litigation, demands that H&M cease using the images containing the Graffiti and pay compensation to Defendant.

29. An actual, present, and justiciable controversy exists between H&M and Defendant concerning H&M's use of the images containing the Graffiti.

30. Plaintiffs seek a declaratory judgment from this Court that the Graffiti, having been created by and through the commission of illegal acts, is not entitled to copyright protection and that Defendant does not own or possess any enforceable copyright rights therein.

31. Plaintiffs seek a declaration that their use of images with the Graffiti in the background, in connection with the H&M New Routine advertising campaign, does not

6

constitute copyright infringement, and that any claim by Defendant therefore is barred under the defenses of illegality and/or unclean hands.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of No Negligence or Unfair Competition)

32. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 to 31 of this Complaint as if fully set forth herein.

33. Plaintiffs seek a declaration that their use of images with the Graffiti in the background, in connection with H&M New Routine advertising campaign, does not constitute negligence, unfair competition or any other unlawful act that consists of or arises out of a tort.

34. Plaintiffs seek declaratory judgment that, to the extent that Defendant is deemed to own or possess any intellectual property right in connection with the Graffiti, any claim based thereon is barred under the doctrine and equitable defense of unclean hands.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of No Damages or Injunctive Relief)

35. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 to 34 of this Complaint as if fully set forth herein.

36. Plaintiffs seek declaratory judgment that Defendant has suffered no, and will not suffer any, damages or loss of goodwill or other harm as a result of Plaintiffs' use of images containing the Graffiti.

37. Plaintiffs seek declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 17 U.S.C. §101 or other federal statute or under the common law of the State of New York.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor as follows:

A. Declaring that Defendant does not own or possess any enforceable copyright rights and is not entitled to any copyright protection for the Graffiti.

B. declaring that Plaintiffs' use of images containing the Graffiti, in connection with the H&M New Routine advertising campaign, does not constitute copyright infringement, negligence, unfair competition or any other claims sounding in tort under 17 U.S.C. §101 et. seq. of the Copyright Act or under New York State law;

C. declaring that Defendant is not entitled to any injunctive relief with respect to the use of Plaintiffs' images containing the Graffiti;

D. declaring that Defendant has not suffered any and will not suffer any harm or damages, and thus is not entitled to any relief under the 17 U.S.C. §101 of the Copyright Act or any other federal statute or under New York State law;

E. declaring that Plaintiffs are entitled to use images containing the Graffiti as background on its promotional campaign;

F. declaring that to whatever extent Defendant possesses any intellectual property right in the Graffiti, any claims based thereon are barred by the defense of illegality and the equitable defense of unclean hands.

G. awarding Plaintiffs their costs, expenses and attorneys' fees in this action; and

H. awarding such other further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Dated: New York, New York	Respectfully submitted,
       March 9, 2018

**WILSON KEADJIAN BROWNDORF LLP**

By:	_s/Darren W. Saunders_
Darren W. Saunders
Mark I. Peroff
114 West 47th Street, 18th Floor
New York, New York 10036
(646) 783-3653
DSaunders@wkbllp.com
Mark.Peroff@wkbllp.com

*Attorneys for Plaintiffs*
*H&M Hennes & Mauritz AB,*
*H&M Hennes & Mauritz L.P.*