# EXHIBIT E



**WILSON KEADJIAN BROWNDORF**

Darren W. Saunders
Partner
114 West 47th Street – 18th Floor
New York, NY 10036
DID: (646) 783-3563
FAX: (646) 553-5899
dsaunders@wkbllp.com

January 26, 2018

**VIA EMAIL**

Jeff Gluck, Esq.
Gluck Law Firm, P.C.
602 N. Sweetzer Avenue
Los Angeles, CA 90048

    Re:   Jason Williams aka REVOK/ H&M Hennes & Mauritz L.P.

Dear Mr. Gluck:

    Further to our letter of January 10, 2018, we have completed our inquiry into the matter raised in your letter of January 8, 2018.

    The photo shoot in issue was undertaken by an outside production agency at the William Sheridan Playground handball court in Brooklyn. The production agency had inquired with the New York City Department of Parks and Recreation ("NYCDP") as to the identity of the artist specifically for the purpose of obtaining permission, if necessary, from the artist. The NYCDP replied that the graffiti on the park handball wall was unauthorized and constituted vandalism and defacing of New York City property. NYCDP further stated that the park failed inspection due to the unauthorized graffiti painted on the wall and that NYCDP was unaware of who did it.

    We made a further inquiry with NYCDP in connection with this matter. We were advised by the Park Director that although NYCDP has a public art program, the graffiti on the handball wall at the William Sheridan Playground was not approved as part of that program, and further it was not sanctioned by NYCDP. As such, the graffiti constitutes a vandalization of NYCDP property.[1]

    Under the circumstances, in which your client's claimed "art work" is the product of criminal conduct, Mr. Williams has no copyright rights to assert. The entitlement to copyright protection is a privilege under federal law that does not extend to illegally created works. Moreover, even if Mr. Williams did possess copyright rights in the graffiti, the equitable defense of unclean hands would invalidate the copyright or otherwise preclude its enforcement. The unclean hands defense would similarly bar a claim for unfair competition, because such claims are subject to principles of equity.

---

[1] Among other offenses, vandalizing city property with graffiti, as occurred here, constitutes criminal mischief in the second degree in violation of Article 145 of the New York Penal Law. Criminal mischief in the second degree is a class D felony.

January 26, 2018
Page 2 of 2

  In view of the foregoing, H&M declines your request to engage in negotiations with Mr. Williams regarding the advertising in issue. Nevertheless, I remain available to discuss the matter, should you wish.

  This letter is not a complete recitation of all of H&M's defenses and remedies, all of which are expressly reserved.

           Sincerely yours,

           Darren W. Saunders